# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH LAMONT WATKINS, | ) | CASE NO. 5:15cv1633 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND CORRECTION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Keith Lamont Watkins filed this action under Ohio Revised Code § 2743.48 against the Ohio Department of Rehabilitation and Correction. In the complaint, plaintiff alleges he was wrongfully incarcerated. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2.) That Application is granted.

## I. Background

Plaintiff claims he was wrongfully imprisoned with respect to his Ohio convictions in 1998, 2009 and 2010. His complaint is very difficult to decipher. He appears to be claiming he should have been required to serve only two-thirds of his stated sentences, that he served more than that, and that, therefore, he is entitled to damages under Ohio Revised Code § 2743.48 for wrongful imprisonment.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  Analysis

As an initial matter, this Court lacks subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28,103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Plaintiff does not establish either basis for federal court jurisdiction. Diversity of citizenship does not exist in this case because plaintiff appears to be an Ohio citizen suing the State of Ohio. Furthermore, the sole cause of action arises, if at all, under the Ohio Revised Code. No federal question is present. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. Plaintiff has not met that burden.

Moreover, Ohio Revised Code § 2743.48 explicitly gives the court of common pleas in the county where the underlying criminal action was initiated, exclusive, original jurisdiction to hear and determine these cases. Based on the terms of the statute, this Court lacks subject matter jurisdiction to hear plaintiff's claims.

Finally, even if plaintiff had established a basis for federal court jurisdiction, he does not allege facts to suggest he is entitled to relief under Ohio Revised Code § 2743.48. The statute provides a limited cause of action to someone who was "wrongfully imprisoned." It defines a "wrongfully imprisoned individual" as an individual who was found guilty of, but did not plead guilty to, a felony or aggravated felony, and who, after sentencing, was determined by a court to be actually innocent of the crime and released. Plaintiff does not allege he was found by a court to be actually innocent of his crimes.

### IV. Conclusion

For all the foregoing reasons, plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith. Plaintiff's Motion for First Phase Hearing of Criminal

Examination (Doc. No. 3), Motions for Change of Venue (Doc. Nos. 4, 5, 8, 11), Motions for Attorney Fees (Doc. Nos. 6, 7, 9, 10), Motion for Appointment of Counsel (Doc. No. 17), and Motion for Discovery (Doc. No. 18) are denied as moot. The State of Ohio's Motion to Quash (Doc. No. 14) is also denied as moot.

**IT IS SO ORDERED**.

Dated: September 28, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**